# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ELECTROVERT LTD. and
SPEEDLINE TECHNOLOGIES, INC.,

    Plaintiffs,

v.                                                  CASE NO: 8:00-cv-2033-T-26

SPECNOR TECNIC CORP.,

    Defendant.
_____/

## **O R D E R**

Before the Court is Plaintiffs' Motion for Contempt (Dkt. 39) and Defendant's Memorandum in Opposition and Declaration of Tony Gyemant. (Dkts. 41 & 42). After careful consideration of the submissions of the parties and the applicable law, the Court concludes that the motion should be denied.

Plaintiffs request this Court to exercise its contempt power to ascertain whether Defendant Specnor Tecnic Corporation (Specnor) has violated the Agreed Order and Permanent Injunction (the Order) entered in this case on May 29, 2001.[1] (Dkt. 35). The Order enjoined Specnor from, among various other dictates, selling any wave solder apparatus that infringes any claim of U.S. Patent No. 5,204,489 (the '489 patent). (Dkt.

---

[1] The Order was entered pursuant to the parties' Joint Stipulation. (Dkt. 34).

35 at para. 1). The Order also directed Specnor to renumber its parts. (Dkt. 35 at para. 5.b.). Jurisdiction was retained to enforce the Order. (Dkt. 35 at para. 6).

Pursuant to the parties' Joint Stipulation which precipitated entry of the Order, Specnor was granted a non-exclusive, royalty-based license to manufacture and sell certain products covered by the '489 patent. Specnor was to pay $4,000 to Plaintiffs as a royalty for each inert wave solder machine or nitrogen retrofit kit manufactured or sold. Some five years after the entry of the Order, Plaintiffs discovered that Specnor had sold a "Nitrogen Inert Soldering" retrofit kit and sought to secure the $4,000 royalty payment. Specnor paid the royalty. Plaintiffs then invoked their right to an independent third-party audit of Specnor. The audit reveals that 32 kits had been sold without royalties being paid to Plaintiffs. (Dkt. 39, Exh. 7). The audit further reveals that 2,266 other infringing products and 287 diffuser tubes had been sold without royalties. For various reasons, Specnor took the position that it did not owe the royalties to Plaintiffs.

Plaintiffs assert that the sales of the diffuser tubes does not fall within the license agreement because they are not inert wave solder machines or nitrogen retrofit kits specifically covered by the non-exclusive license. With respect to the 32 kits, Plaintiffs contend that these are covered as nitrogen retrofit kits, specifically mentioned in the Order. Plaintiffs also take issue with Specnor's failure to properly renumber its parts. Based on these factors, Plaintiffs advocate that this Court review the matter under its

contempt power. Specnor disagrees not only with whether it infringed in violation of the Order, but with the use of contempt as a means for deciding the issues at hand.

To determine in patent infringement cases whether it is permissible for a district court to entertain contempt proceedings, two questions must be answered. See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 154 F.3d 1345, 1349 (Fed. Cir. 1998). First, the court must ask "whether a contempt hearing is an appropriate forum in which to determine whether a redesigned device infringes, or whether the issue of infringement should be resolved in a separate infringement action." Id. If the district court decides that contempt proceedings are appropriate, then the second question is whether the accused device in fact infringes the claims of the patent. Id. This Court enjoys broad discretion in its choice of vehicles to enforce the injunctive Order. Id.

In answering the first question, the Federal Circuit has noted that "proceedings by way of contempt should not go forward if there is more than a 'colorable difference' in the accused and adjudged devices." KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1530 (Fed.Cir. 1985). A "colorable difference" in the device is one only "made for the purpose of evading the decree without essential change in the nature of the device." KSM, 776 F.2d at 1530-31 (quoting American Foundry & Mfg. Co. v. Josam, 79 F.2d 116, 117 (8th Cir. 1935)). This definition is described as the "fair ground for doubt" standard. KSM, 776 F.2d at 1531. If there are "substantial issues for the determination of the

court," then contempt proceedings are inappropriate. Radio Corp. of Amer. v. Cable Radio Tube Corp., 66 F.2d 778, 783 (2d Cir. 1933).

Applying the Federal Circuit's standard for determining the appropriateness of contempt proceedings in this patent case, the Court finds that more than a mere "colorable difference" exists in the accused devices based on the information in the record at this juncture. Considering the polar positions of the parties with respect to the accused devices, the Court deems it prudent to refrain from exercising its contempt jurisdiction and consider the merits in the pending action for declaratory judgment. See Specnor Tecnic Corp. v. Speedline Technologies, Inc., No. 8:10-cv-1148-T-26MAP, pending before this Court. Accordingly, it is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Contempt (Dkt. 39) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on July 13, 2010.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record